SHERBURN, Appellant,

v.

REICHERT et al., Appellees.

[Cite as *Sherburn v. Reichert* (1994), 97 Ohio App.3d 120.]

Court of Appeals of Ohio,
Van Wert County.

No. 15-94-3.

Decided Oct. 13, 1994.

*Gregory D. Wilson* and *Eric J. Wilson,* for appellant.

*Gooding, Huffman, Kelley & Becker* and *John C. Huffman,* for appellees.

EVANS, Judge.

Gregg E. Sherburn ("appellant") appeals from a judgment of the Van Wert County Common Pleas Court, Juvenile Division, dismissing his paternity action brought against Tracy Reichert ("appellee"). Appellee is the mother of Casey Jo Jackson, a girl born on April 7, 1987. Prior to Casey Jo's birth, appellant and appellee dated and engaged in sexual relations, but they never married. At the time of the birth, there existed no presumptions of paternity, as delineated in R.C. 3111.03, nor did appellant acknowledge his paternity of Casey Jo, as permitted by R.C. 2105.18.

Following Casey Jo's birth, appellee deceived appellant into believing that he was the father. As a consequence of this deception, appellant made financial contributions to the support of the child, and began fostering a father-daughter relationship. The amount and frequency of the financial contributions, as well as the level of emotional attachment between appellant and Casey Jo, is controverted. A dispute between the parties during the winter or spring of 1993 prompted appellee to terminate appellant's visitation rights with Casey Jo that had existed by agreement since her birth.

In March 1993, appellant brought his paternity action against appellee, requesting a judgment declaring him the father of Casey Jo and an order establishing visitation rights with the child. In her answer, appellee admitted that appellant was the father of Casey Jo. However, in an amended answer filed on April 23, 1993, appellee denied appellant's paternity.

On April 28, 1993, appellant moved the juvenile court for an order requiring genetic testing of the parties to determine paternity. By judgment entry filed on April 30, 1993, the juvenile court, on its own motion, ordered the parties to

undergo a Human Leukocyte Antigen ("HLA") test at the National Paternity Laboratories ("NPL") in Dayton, Ohio, thus rendering appellant's April 28 motion moot. Results of that test excluded appellant as a possible father of Casey Jo. On February 15, 1994, appellee moved to dismiss the complaint because the genetic blood test excluded appellant as the father. On February 23, 1994, the juvenile court granted appellee's motion and dismissed the case.

Appellant sets forth three assignments of error for our review:

## ASSIGNMENT OF ERROR NO. 1

"The trial court abused its discretion in refusing to consider evidence of the father-daughter relationship that was established for over five years at the insistence of the daughter's mother, as such evidence raised the equitable doctrine of estoppel against the mother denying the fatherhood of the plaintiff."

We may find that the trial court abused its discretion only if it is determined that the court's actions were clearly "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. An abuse of discretion "implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster* (1986), 22 Ohio St.3d 191, 193, 22 OBR 275, 277, 489 N.E.2d 288, 290, citing *State ex. rel Shafer v. Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590, 50 O.O. 465, 469, 113 N.E.2d 14, 19.

With this standard in mind, we turn to appellant's assertion that the juvenile court abused its discretion in considering only the HLA test results, which excluded appellant as the natural father, in rendering its decision on appellant's paternity. Appellant contends that since appellee misled appellant into believing that he was the natural father of Casey Jo, appellee should now be estopped under the doctrine of laches from denying the paternity of appellant.

Because of the confusion surrounding the alleged paternity of Casey Jo, as evidenced by appellee's admittance and then denial of appellant's fatherhood, the juvenile court ordered genetic blood testing and considered the test results, as permitted by R.C. 3111.08(B) and 3111.09(A). The test results excluded appellant as the biological father of Casey Jo. Under R.C. 3111.09(D):

"If the court finds that the conclusions of all the examiners are that the alleged father is not the father of the child, the court shall enter judgment that the alleged father is not the father of the child. If the examiners disagree in their findings or conclusions, the court or jury shall determine the father of the child based upon all the evidence."

Thus, once the genetic tests excluded appellant as the potential father, the juvenile court lacked discretion to consider other evidence of paternity and was required to enter judgment that appellant was not the father of Casey Jo. Given the juvenile court's statutory obligation to enter judgment that appellant was not the biological father, there can be no abuse of discretion on the part of the juvenile court in refusing to consider all of the evidence of the father-daughter relationship before entering judgment.

 Application of the doctrine of laches is inappropriate under the facts of this case. While it is true that a common pleas court has the inherent power to estop a mother from using genetic testing to disestablish a child's paternity with his or her presumed father under the doctrine of laches, *Hulett v. Hulett* (1989), 45 Ohio St.3d 288, 544 N.E.2d 257; *Riddle v. Riddle* (1992), 63 Ohio Misc.2d 43, 619 N.E.2d 1201, there must be a finding of material prejudice to invoke the doctrine. *Hulett*, 45 Ohio St.3d at 295, 544 N.E.2d at 263; *Wright v. Oliver* (1988), 35 Ohio St.3d 10, 11, 517 N.E.2d 883, 884–885. Here, the trial court found no material prejudice, and we discern none based on the evidence contained in the record. Thus, the juvenile court correctly declined to apply the doctrine of laches.

Appellant's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

"The trial court erred in accepting the blood test results into evidence and making a finding that plaintiff was excluded as a possible father."

Appellant's second assignment of error postulates that since neither party introduced the HLA tests into evidence, the juvenile court could not consider the test results in its decision entering judgment that appellant was not the father of Casey Jo. R.C. 3111.10 provides in part:

"In an action brought under sections 3111.01 to 3111.19 of the Revised Code, evidence relating to paternity may include:

" * * *

"(C) Genetic test results, weighted in accordance with evidence, if available, of the statistical probability of the alleged father's paternity;

"(D) Medical evidence relating to the alleged father's paternity of the child based on tests performed by experts. * * * "

 This statute, in concert with R.C. 3111.09(D), permits the trial court to consider medical and genetic evidence regarding the paternity of the child. See, also, *Owens v. Bell* (1983), 6 Ohio St.3d 46, 6 OBR 65, 451 N.E.2d 241, parts one and two of the syllabus (holding that HLA tests constitute relevant and admissi-

ble evidence to establish paternity, and such results would be admissible even in the absence of R.C. 3111.09 and 3111.10). Under R.C. 3111.09(D), a court is required to enter a judgment that the alleged father is not the father if the genetic tests exclude him. This statutory mandate necessarily requires the juvenile court to consider the results of genetic blood testing, even in the absence of a proffer by the parties. Furthermore, since the juvenile court *sua sponte* ordered the HLA test, the test results were correctly before the court for its review. Thus, the juvenile court properly considered the HLA test results that excluded appellant as the father of Casey Jo when it dismissed appellant's paternity action.

Appellant's second assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 3

"The trial court erred in granting the defendant's motion to dismiss."

Appellant contends that he should be allowed to pursue visitation rights with Casey Jo, despite the fact that he is not her father. R.C. 3109.12, which deals with companionship or visitation rights where a child is illegitimate, provides in part:

"(A) If a child is born to an unmarried woman and if the father of the child has acknowledged the child pursuant to section 2105.18 of the Revised Code or has been determined in an action under Chapter 3111. of the Revised Code to be the father of the child, the father * * * may file a complaint requesting the court of common pleas of the county in which the child resides to grant [him] reasonable companionship or visitation rights with respect to the child."

Thus, the two methods for a father to secure companionship rights with an illegitimate child is to either acknowledge his paternity or have his paternity determined in an action pursuant to R.C. Chapter 3111. It is undisputed that appellant did not acknowledge his paternity with the probate court following Casey Jo's birth. The HLA tests conclusively exclude him as the father of Casey Jo. Consequently, there is no statutory basis permitting the juvenile court to order visitation rights in this case. See *In re Martin* (1994), 68 Ohio St.3d 250, 626 N.E.2d 82 (holding that under the plain language of R.C. 3109.12, grandparents are not qualified to seek court-ordered visitation rights with their putative biological grandchild, until the alleged paternity of the grandchild is established under either of the methods set forth in the statute).

Given that visitation or companionship rights where the child is illegitimate are purely statutory in form, this court finds that the juvenile court had no alternative under the statute but to dismiss appellant's action once it was established that he was not the biological father of Casey Jo.

Appellant's third assignment of error is overruled.

Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the juvenile court.

*Judgment affirmed.*

SHAW, P.J., and THOMAS F. BRYANT, J., concur.