[Cite as *Burgh v. Potter*, 2025-Ohio-2765.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STEPHEN R. BURGH, et. al., | : | Case No. 24CA3 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| | : | |
| VIOLET POTTER, Individually and as Guardian of Gladys Swank, | : | |
| | : | **RELEASED: 07/29/2025** |
| Defendant-Appellee. | : | |

APPEARANCES:

John A. Gleason, Gleason Law Office, LLC, Columbus, Ohio, for appellants.

William L. Burton, Marietta, Ohio, for appellee.

Wilkin, J.

{¶1} Appellants, Stephen R. Burgh and Sevren Burgh (the "Burghs"), appeal a Washington County Court of Common Pleas judgment entry that dismissed their complaint against appellee, Violet Potter, Individually and as Guardian of Gladys Swank ("Potter"), for failure to state a claim upon which relief could be granted under Civ.R. 12(B)(6).  The Burghs assert three assignments of error on appeal. The first assignment of error challenges the trial court's decision to grant the motion to dismiss, arguing that the complaint did state a claim upon which relief could be granted.  The second assignment of error questions the trial court's determination that the Letter of Understanding ("LOU") was not a contract. The third assignment of error challenges the trial court's decision that the existence of a contract is a legal issue for the court to decide.

{¶2} After reviewing the parties' arguments, the law, and the record in this case, we sustain Burghs first and second assignments of error but overrule their third assignment of error. Therefore, we reverse the judgment of dismissal and remand the matter to the trial court.

PROCEDURAL BACKGROUND

{¶3} On September 12, 2023, the Burghs filed a complaint against Potter individually and as guardian of Gladys Swank ("Mrs. Swank"), which alleged the following. The Burghs are Florida residents who have been visiting Washington County three times a year for more than 26 years. Potter is an Ohio resident and guardian of her grandmother, Mrs. Swank.

{¶4} The Burghs' complaint alleged that they were "great friends" with Mrs. Swank and her husband. The Burghs considered Mrs. Swank as a "grandmother figure." Every year, for at least 26 years, the Burghs stayed in a trailer located on an Ohio property owned by the Swanks ("the property"). The trailer was maintained by the Burghs and contained only their personal property, including "tree stands" worth $15,000.

{¶5} The Burghs maintained that Mrs. Swank was aware that they wanted to purchase approximately 80 acres of the property from her, and she wanted them to have the right to purchase that property. After Mr. Swank passed away, Mrs. Swank and the Burghs memorialized their desire that the Burghs acquire the property by entering into the LOU.

{¶6} The LOU asserted that because Mr. Swank's name was on the property title, the property could not be transferred to the Burghs until it was titled

solely to Mrs. Swank.  Therefore, the LOU stated: " 'The Right of First Refusal can be prepared and processed as soon as a Survivorship Affidavit is filed with the Washington County Recorder . . .' "  [ellipses original].  However, before the Survivorship Affidavit was prepared, Tim Loughry was appointed Mrs. Swank 's guardian.

{¶7} The Burghs provided title reports for the property to Loughry, as well as other property owned by the Swanks, and expressed their desire to go forward with the LOU.  However, Potter, filed a motion to substitute for Loughry as Mrs. Swank 's guardian, which was granted and in her motion she asserted that " '[t]here is currently a disputed agreement to sell property, which [the Burghs] believe[ ] the current guardian is willing to participate in.' "

{¶8} In addition to a right of first refusal to purchase the property, Mrs. Swank also wanted, and the LOU provided, that the Burghs were to be provided a Recreational License Agreement to hunt on Mrs. Swank's property beyond the 80 acres they would purchase.  However, the license could not be recorded until Mr. Swank's interest in the property was transferred to Mrs. Swank, which likely required opening an estate administration.

{¶9} Even though Potter signed the LOU, she subsequently maintained that the LOU was not enforceable, so the Burghs were not entitled to a right of first refusal on the property or the recreational license.  Consequently, the Burghs filed a five-count complaint seeking: (1) declaratory judgment that the LOU is valid and enforceable, (2) specific performance, (3) a breach of contract finding and $25,000 in damages, (4) injunctive relief to enjoin Potter from interfering with

the Burghs use of the property, license, or use of the trailer, and (5) a finding that Potter intentionally interfered with the contract herein.

**{¶10}** On October 12, 2023, Potter filed a Civ.R. 12(B)(6) motion to dismiss the Burghs' complaint. Potter claimed that her only involvement in this case is in her role as a guardian for Mrs. Swank. Therefore, she is not a proper party in this case. Consequently, the Burghs' claims against her individually failed to state a claim upon which relief could be granted.

**{¶11}** Potter also argued that the LOU was not an offer of first refusal. It was simply an offer to negotiate a right of first refusal. This is evidenced by the introductory sentence, which states: "Stephen Burgh, Jr., and Stephen Timothy Severn Timothy Burgh, have engaged the office of Joseph E. Budde, ESQ to assist in preparing and filing the following documents[.]"

**{¶12}** Potter also claimed that pursuant to the LOU document, time is of the essence. Because the document was signed in 2020, and neither a right of first refusal or license agreement have ever been drafted, the document was void.

**{¶13}** Finally, Potter maintained that the LOU is not a contract because there is no offer, acceptance, or consideration because the terms and nature of the documents to be drafted are not stated therein.

**{¶14}** On November 15, 2023, The Burghs filed a memorandum in opposition. They claimed that Potter was a proper party not only as Mrs. Swanks' guardian, but also as an individual.

{¶15} The Burghs also claimed that the LOU was a valid contract, "especially given the facts of this case." Mrs. Swank wanted the Burghs to purchase the property and to continue to hunt as they had in the past. The signatures on the LOU represent both the offer and acceptance by the parties, and it sets out the responsibilities of the parties. Mrs. Swank and Potter agreed to sell the property to the Burghs for the auditor's assessed value, which shows consideration. The Burghs claimed additional facts would be developed during discovery.

{¶16} Potter filed a reply arguing that the LOU is insufficient to support the Burghs claims. She emphasizes that the terms of the right of first refusal are ambiguous and unenforceable, and no such document exists. Potter argues that the Burghs have not fulfilled their obligations, such as filing an affidavit of survivorship. She notes that the Burghs waited over 975 days before taking any action, which is unreasonable given the "time is of the essence" clause. Finally, she concludes that the lawsuit should be dismissed as the LOU does not support the claims and the Burghs have not shown a readiness or willingness to perform their obligations. Therefore, the motion to dismiss should be granted.

{¶17} On December 18, 2023, the trial court issued a decision and judgment entry that granted Potter's Civ.R. 12(B)(6) motion to dismiss the Burghs' complaint. After reviewing the LOU, the court found that it was not a contract, and imposed upon Potter no legal obligation to perform any act. The court found there was no offer, acceptance, or consideration, but rather the LOU was unambiguously a letter of engagement for Attorney Budde to perform some

legal work in the future for the Burghs.  The court pointed out that the LOU outlined what conditions precedent the attorney was required to perform before he could do the legal work, e.g., draft the right of first refusal.

{¶18} The court found that the interpretation of the terms of the LOU was a legal issue for the court to decide.  Finding that it was not a contract, the court granted Potter's Civ.R 12(B)(6) motion to dismiss because the Burghs' complaint failed to state a claim upon which relief could be granted.

{¶19} It is this judgment that the Burghs appeal.

ASSIGNMENTS OF ERROR

I.     THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS BECAUSE ASSUMING ALL THE FACTS IN APPELLEE'S COMPLAINT TO BE TRUE, AND MAKING ALL REASONABLE INFERENCES IN FAVOR OF APPELLANTS, THE COMPLAINT IN THIS CASE STATED A CLAIM UPON WHICH RELIEF COULD BE GRANTED.

II.    THE TRIAL COURT ERRED IN HOLDING THAT THE LETTER OF UNDERSTANDING WAS NOT A CONTRACT.

III.   THE TRIAL COURT ERRED IN HOLDING THAT WHETHER A CONTRACT EXISTS IS FOR THE COURT TO DECIDE.

{¶20} The Burghs' first and second assignments of error essentially raise the same issue, i.e., the trial court erred in determining that the LOU was not a contract, and; thus, the Burghs failed to state a claim upon which relief could be granted.

{¶21} In the Burghs' first assignment of error they assert that the trial court erred in granting Potter's motion to dismiss because assuming all facts in the Burghs' complaint to be true, and making all reasonable inferences in favor of the

Burghs, the complaint in this case stated a claim upon which relief could be granted.

{¶22} The Burghs allege that a complaint needs to only set out a short and plain statement of the plaintiff's claim, and is not required to plead operative facts with particularity. The Burghs claim that they do not need to prove their case at the pleading stage. Rather, the case is developed though discovery.

{¶23} The Burghs assert that they have sufficiently alleged that there was an agreement between the parties, but then Potter, both individually, and in her capacity as Mrs. Swank's guardian, refused to comply with the terms of that agreement. Therefore, the Burghs claim that they have stated a claim upon which relief can be granted.

{¶24} In the Burghs second assignment of error they argue that the trial court erred when it held that the LOU was not a contract. Mrs. Swank desired to sell the property to the Burghs but could not do so until a survivorship affidavit was recorded. The LOU was entered into by the parties to set forth their legal rights and responsibilities until the affidavit was recorded. Mrs. Swank paid a lawyer to start that process. However, prior to completion of that process, a guardian was appointed for Mrs. Swank.

{¶25} The Burghs do not dispute that the LOU is not a right of first refusal. However, they claim it is an agreement setting forth the parties' rights and responsibilities once the survivorship affidavit is recorded. The Burghs claim that an agreement to make an agreement does not necessarily make the initial agreement unenforceable. Enforceability of the initial agreement depends on

whether the parties clearly manifested an intent to be bound by the terms, and whether these intentions are sufficiently definite to be enforced. The Burghs assert that the LOU is a valid agreement to draft a contract consistent with the terms discussed in the LOU. That the LOU references that the Burghs engaged an attorney, or that the referenced agreements were not completed does not diminish that the LOU is a valid agreement to reach an agreement.

{¶26} In their third assignment of error, the Burghs assert that the trial court erred in holding that whether a contract exists is for the court to decide, citing *Wilhelm v. Coverstone*, 2018-Ohio-3078.

{¶27} Potter's brief does not respond to each of the Burghs' assignments of error, but instead merely asserts that there is no merit to the Burghs' argument that the LOU is a contract; it is not.

## LAW

### A. Standard of Review

{¶28} "Appellate courts conduct a de novo review of trial court decisions granting a Civ.R. 12(B)(6) motion to dismiss." *Alexander Loc. Sch. Dist. Bd. of Educ. v. Vill. of Albany*, 2017-Ohio-8704, ¶ 22 (4th Dist.), citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 12. Therefore, in reviewing a trial court's decision regarding a Civ.R. 12(B)(6) motion to dismiss, "we afford no deference to the trial court's decision and apply our own, independent review to determine if the requirements of Civ.R. 12(B)(6) were satisfied." *Estep v. State*, 2009-Ohio-4349, ¶ 5 (4th Dist.).

### B. Civ.R. 12(B)(6)

**{¶29}** "Civ.R. 12(B)(6) allows a party to file a motion to dismiss a complaint for failing to state a claim upon which relief can be granted. '[A] Civ.R. 12(B)(6) motion to dismiss tests only the sufficiency of the allegations.' " (Brackets original) *Alexander Loc. Sch. Dist. Bd. of Educ.*, 2017-Ohio-8704, ¶ 23 (4th Dist.), quoting *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 9. Therefore, " 'Rule 12(B)(6) motions should be granted only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover.' " *Id.*, quoting *Slife v. Kundtz Properties, Inc.*, 40 Ohio App.2d 179, 185-86 (8th Dist. 1974).

**{¶30}** In reviewing a Civ.R. 12(B)(6) motion to dismiss, a "court must presume that all factual allegations contained in the complaint are true and must construe all reasonable inferences in favor of the nonmoving party." *Varney v. Allen*, 2017-Ohio-1409, ¶ 15 (4th Dist.), citing *State ex rel. Talwar v. State Med. Bd. of Ohio,* 2004-Ohio-6410, ¶ 5. " 'This standard is consistent with Civ.R. 8(A), which provides for notice pleading and requires only (1) "a short and plain, statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled." ' " *Alexander Loc. Sch. Dist. Bd. of Educ.* at ¶ 24, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 549 (1992), quoting *York v. Ohio State Highway Patrol*, 60 Ohio St.3d 143, 144-145 (1991). "Accordingly, a complaint is not 'fatally defective and subject to dismissal' simply because it does not set forth each element of a cause of action 'with crystalline specificity.' " *Id.*, quoting *Border City Sav. & Loan Ass'n. v. Moan*, 15 Ohio St.3d 65, 66 (1984).

**{¶31}** Furthermore, a court that is reviewing a Civ.R. 12(B)(6) motion to dismiss "cannot rely on evidence or allegations outside the complaint." *State ex rel. Fuqua v. Alexander,* 79 Ohio St.3d 206, 207 (1997). However, "[m]aterial incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss." *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249 (1997), fn. 1. Thus, a court may consider written instruments attached to a complaint when ruling on a Civ.R. 12(B)(6) motion to dismiss. *Cooper v. Highland Cty. Bd. Of Commrs.*, 2002-Ohio-2353, ¶ 9 (4th Dist.).

**{¶32}** Finally, "[a] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Wilson v. Riverside Hosp.*, 18 Ohio St.3d 8, 9-10, (1985), citing 5 Wright & Miller, Federal Practice and Procedure Section 1357 at 593, 598 (1969). Consequently, Civ.R. 12(B)(6) dismissals are "reserved for the rare case that cannot possibly succeed." *Tri-State Computer Exchange, Inc. v. Burt*, 2003-Ohio-3197, ¶ 12 (1st Dist.).

## C. Preliminary Agreements

**{¶33}** "Ohio has long recognized the general validity of preliminary agreements[.]" Normandy *Place Assocs. v. Beyer*, 2 Ohio St. 3d 102, 105 (1982), citing *Rhodes v. Baird*, 16 Ohio St. 573 (1886). *See also M.J. DiCorpo, Inc. v. Sweeney*, 1994-Ohio-316, 69 Ohio St.3d 497 (1994). A "preliminary agreement" is "an agreement to make an agreement." *Columbia Props., Inc. v. Tiedeman Distribution Co.*, 1988 WL 86964, * 2 (8th Dist. July 28, 1988). Consistent with contract law, "[t]he enforceability of such an agreement depends

[ ] on whether the parties have manifested an intention to be bound by its terms and whether these intentions are sufficiently definite to be specifically enforced." *Beyer* at 105-106, citing Restatement of Contracts 2d 75, Section 26; 1 Corbin on Contracts 97, Section 30. " 'If it is found that the parties intended to be bound, the court should not frustrate this intention, if it is reasonably possible to fill in some gaps that the parties have left, and reach a fair and just result. [Citations omitted.][.]' " *Oglebay Norton Co. v. Armco, Inc.*, 1989 WL 36718, *4 (8th Dist. Apr. 13, 1989), quoting *Litsinger v. American Sign Co.* , 11 Ohio St.2d 1, 14 (1967). Finally, "[w]hether the parties intended a contract remains a factual question, not a legal one, and as such is an issue to be resolved by the finder of fact." *Beyer*, 2 Ohio St. 3d at 106, citing *Arnold Palmer Golf Co. v. Fuqua Industries, Inc.*, 541 F.2d 584, 588 (6th Cir. 1976).

ANALYSIS

A. First and Second Assignments of Error

{¶34} The Burghs first and second assignments of error essentially claim that the trial court erred in determining the LOU was not a contract and dismissing their complaint for failure to state a claim upon which relief can be granted. Therefore, we will address the two assignments of error together. *See Hiener v. Kelly*, 1999 WL 595363, * 4 (4th Dist. July 23, 1999) (Where several assignments of error addressed similar issues we consolidated them "[i]n the interest of judicial economy and justice.").

{¶35} The court found that the LOU was not a contract between the Burghs and Mrs. Swank/Potter. It imposed no legal obligation on any of the

parties. Thus, the court determined that Burghs' complaint failed to state a claim upon which relief could be granted.

{¶36} In their complaint, the Burghs alleged that they were "great friends" with Mrs. Swank and her husband. The Burghs considered Mrs. Swank as a "grandmother figure." Every year, for at least 26 years, the Burghs stayed in a trailer located on their property.

{¶37} The complaint further maintained that Mrs. Swank was aware that the Burghs wanted to purchase the property from her, and she wanted to give them the right to purchase the property. After Mr. Swank passed away, Mrs. Swank and the Burghs memorialized their desire that the Burghs acquire the property by entering into the LOU, which was attached to the Burghs' complaint.

{¶38} The title "LOU" suggests a preliminary agreement. As stated infra, preliminary agreements can be enforced if the parties have manifested an intent to be bound by its terms and whether these intentions are sufficiently definite to be enforced. The LOU references the right of first refusal, and the price of the property as determined by the auditor's value. It sets out in detail the property's location and that the recreational license agreement permits hunting not only on the property, but on additional acreage that was still owned by Mrs. Swank. The LOU states that "[t]he *parties* hereby acknowledge and *agree* to diligently endeavor *to achieve the goals* of this Letter of Understanding knowing that time is of the essence." (Emphasis added.). Finally, the Burghs, Mrs. Swank, and Potter, all signed the agreement.

**{¶39}** If we presume that all factual allegations contained in the Burghs' complaint are true, and, construe all reasonable inferences from those allegations in the Burghs' favor, together with the language in the LOU, we find that the Burghs' complaint potentially states a claim for which relief can be granted under Civ.R. 12(B)(6).  Consequently, we find that the trial court erred by dismissing the Burghs' complaint under Civ.R. 12(B)(6).  Therefore, we sustain the Burghs' first and second assignments of error.

### B. Third Assignment of Error

**{¶40}** In their third assignment of error, the Burghs assert that the trial court erred in holding that whether a contract exists is for the court to decide. The Burghs maintain that determining whether a contract exists "is a question for the trier of fact[,]" citing, among other cases, *Wilhelm v. Coverstone*, 2018-Ohio-3078, ¶ 38.

**{¶41}** The Supreme Court has decreed that determining whether parties intend to contract is a matter of fact as set out in *Beyer* while "[t]he construction of written contracts and instruments of conveyance is a matter of law." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St. 2d 241 (1978), paragraph one of the syllabus.

**{¶42}** In the instant case, the trial court determined that the LOU was not a contract between the parties, but determined it was an engagement letter between the Burghs and Attorney Budde.  It was only the interpretation of the terms of the letter of engagement between the Burghs and Attorney Budde that the court found was a matter of law for the court to decide.

**{¶43}** Therefore, because the trial court did not hold that determining whether a contract exists is a matter of law, it did not err in this regard. Accordingly, we overrule the Burghs third assignment of error.

CONCLUSION

**{¶44}** We note that "a dismissal on the pleadings under Civ.R. 12(B)(6) is reserved for the rare case that cannot possibly succeed, and it should not be granted simply because the court many have reservations about the plaintiff's ultimate chance of success on the merits." *Tri-State Computer Exch., Inc. v. Burt*, 2003-Ohio-3197, ¶ 12 (1st Dist.), citing *Leichtman v. WLW Jacor Communications, Inc.,* 92 Ohio App.3d 232, 234 (1st Dist. 1994). "Reversal of the judgment [granting a Civ.R. 12(B)(6) motion], however, does not mean that appellant will prevail upon remand. What it does mean is that appellant has alleged the facts necessary to withstand a motion to dismiss and will now have the opportunity to pursue its claims." *Cincinnati v. Beretta U.S.A. Corp*., 2002-Ohio-2480, ¶ 51.

**{¶45}** Based on our de novo review, we find the Burghs' complaint potentially states a claim upon which relief can be granted. Therefore, the trial court erred in dismissing the Burghs complaint under Civ.R. 12(B)(6). Accordingly, we reverse the trial court's judgment entry of dismissal, and remand the cause to the trial court for further proceedings.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

Smith, P.J., dissenting

{¶46} I respectfully dissent from my colleagues' majority opinion. I agree with the trial court's decision that the Letter of Understanding is not a contract and I would affirm the trial court's decision.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED AND REMANDED and appellant and appellee shall share paying the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J.:  Concurs in Judgment and Opinion.
Smith, P.J.: Dissents with Dissenting Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**