OPINION
{¶ 1} Plaintiff-Appellant Robin Steck appeals pro se from a judgment awarding visitation in a juvenile action. Steck contends that the trial court erred in failing to award her separate visitation time with her grandsons. We conclude that the trial court did not err in awarding visitation. The court awarded shared time for the grandparents and an aunt, *Page 2 
which was reasonable in view of the limited time the children had to spend with their mother, father, aunt, and grandparents. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} The action before us began as a proceeding for an order of support, which was filed on behalf of Pamela H. by the Miami County Child Support Enforcement Agency, pursuant to R.C. 2151.23(B)(4). The request for support involved Pamela's three minor children, J.H., N.H., and Z.H., and was brought against the natural father, Russell H., in March 2007. Shortly thereafter, the children's aunt, Crystal Tucker, filed a motion for non-parent custody, alleging that the children were homeless, that their mother needed drug and alcohol treatment, and that Russell was unable to feed or provide housing for the children. In subsequent filings, Tucker alleged that the children had been living with her since March 2007, at Pamela's request.
 {¶ 3} In April 2007, the trial court granted Tucker an ex parte order of custody. Following a hearing, the court found sufficient evidence for continuation of the interim order of custody. In July 2007, the court ordered that Pamela receive visitation for two hours weekly with the children at Family Connection, if the facility could accommodate weekly visits; otherwise, visitation would be no less often than bi-weekly.
 {¶ 4} In October 2007, the court granted Pamela's motion for temporary visitation, and modified the existing visitation order. Pamela was granted visitation with the children on Wednesday evenings from 5:00 to 7:00 p.m., and on alternate weekends from Saturday morning at 10:00 a.m., until Sunday evening at 6:00 p.m. The court ordered the parties to act with civility and to not discuss the pending court proceedings with the children. *Page 3 
 {¶ 5} In October, the maternal grandmother, Robin Steck, filed a motion for visitation with the children. Steck alleged that her daughter, Pamela, had said that if she, Pamela, obtained custody of her children, none of the family would ever see the children again. Steck asked the court to allow her and her husband to have reasonable visitation and communication with their grandchildren.
 {¶ 6} At the time Steck's motion was filed, a magistrate had already held a final hearing on Tucker's motion for custody. The day after Steck's visitation request was filed, the magistrate issued a decision, concluding that Tucker had failed to prove by a preponderance of the evidence that Pamela was unsuitable. The magistrate granted legal custody to Pamela, with visitation to Russell. Tucker filed objections to the magistrate's decision, and also filed her own motion for visitation in late October 2007. Like Steck, Tucker alleged that Pamela had said she would never allow the children to see Tucker or the family again. Tucker, therefore, asked for visitation one weekend a month and for telephone calls once a week.
 {¶ 7} In November 2007, the trial court remanded the custody matter to the magistrate for findings of fact and conclusions of law. Subsequently, in December 2007, the magistrate ordered temporary visitation for Steck and Tucker with the children at Family Connection for two hours a week, if the facility could accommodate weekly visits, but no less than bi-weekly. The magistrate then issued a decision in February 2007, concluding that it would be in the best interests of the children to have visitation with Steck and Tucker. The magistrate ordered visitation one weekend overnight per month, from Friday at 6:00 p.m. to Saturday at 6:00 p.m. Overnight visits were to be spent at Tucker's home unless otherwise agreed between Tucker and Steck. Tucker and Steck were also permitted one *Page 4 
week of summer vacation, which again, was to be shared.
 {¶ 8} Steck filed objections to the magistrate's decision, contending that she should have been given her own overnight visits and summer vacation time. The trial court overruled the objections in March 2008, and Steck now appeals, pro se.
 II {¶ 9} Steck did not file separate assignments of error, as required by App. R. 16(A)(3). However, after reviewing Steck's brief and objections to the magistrate's decision, we construe her sole assignment of error to be as follows:
 {¶ 10} "THE TRIAL COURT ERRED IN FAILING TO AWARD APPELLANT SEPARATE OVERNIGHT VISITS AND SUMMER VACATION TIME WITH THE MINOR CHILDREN."[1]
 {¶ 11} Under this assignment of error, Steck contends that her interests should have been considered separately from those of Tucker, and that she and her husband should have been granted exclusive time with their grandsons.
 {¶ 12} R.C. 3109.051(B)(1) allows grandparent visitation to be granted in cases involving, among other things, a child support proceeding.In re Gibson (1991), 61 Ohio St.3d 168, 170, 573 N.E.2d 1074. Under R.C. 3109.051(B)(1), the court may permit:
 {¶ 13} "[Reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a parent, if all of the following apply:
 {¶ 14} "(a) The grandparent, relative, or other person files a motion with the court *Page 5 
seeking companionship or visitation rights.
 {¶ 15} "(b) The court determines that the grandparent, relative, or other person has an interest in the welfare of the child.
 {¶ 16} "(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child."
 {¶ 17} For consideration in deciding the best interest of the child, R.C. 3109.051(D) sets out sixteen factors, which include matters like the child's interaction with parents, siblings, and other relatives, geographical location of the parties, the child's age and adjustment to home, school and community, the child's wishes, the child's and parents' schedules, and so forth. See R.C. 3109.051(D)(1)-(16). A trial court has broad discretion in these matters, and we review the court's decision for abuse of discretion, which means that the court has acted unreasonably, arbitrarily, or unconscionably. Blasko v. Dyke, Montgomery App. No. 19905, 2003-Ohio-6082, at ¶ 9, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 18} After reviewing the trial court record and the transcript of the hearing on visitation, we find no abuse of discretion. The magistrate and trial court both considered the pertinent factors in R.C. 3109.051(D). The trial court noted, in overruling the mother's objections to visitation of the grandparents and aunt, that:
 {¶ 19} "This is a family in which the grandmother and the aunt were called upon frequently and repeatedly at the request of the mother to assist the mother with her children from time to time. The last request resulted in the children living with the aunt for nearly seven months. The children have developed a close and significant bond with their grandmother and aunt. The custody case was a close case that might have had a different *Page 6 
outcome if the aunt had been able to afford the continued assistance of legal counsel. She failed to meet her burden, after losing counsel, when she had been sustaining her burdens up to that point.
 {¶ 20} "Clearly this case has completely different aspects than the case where the parent has always had custody and a nonparent is requesting visits." March 27, 2008 Decision and Entry Overruling All Objections to Magistrate's Decision, p. 4.
 {¶ 21} Accordingly, the trial court concluded that Tucker and Steck were entitled to visitation. In discussing Steck's objection to the magistrate's failure to provide her with individual, separate time, the trial court noted that the children had a limited amount of time to share with their mother, father, grandmother, and aunt. Id. at p. 1. The court encouraged Steck and Tucker to cooperate and reach an acceptable division of hours. The court then overruled Steck's objections and awarded the combined amount of visitation mentioned above. This visitation time fell on the fourth Friday of every month, which would impact the visitation time of both parents equally at one point or another.
 {¶ 22} The trial court's solution was reasonable and was not either arbitrary or unconscionable. The magistrate and trial court properly weighed the appropriate statutory factors and attempted to balance the desires of the parties and the best interests of the children. Accordingly, Steck's sole assignment of error is overruled.
 III {¶ 23} Steck's sole assignment of error having been overruled, the judgment of the trial court is Affirmed. *Page 7 
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Robin M. Steck
John A. Herndon
Mark A. Puthoff
Hon. Lynnita K.C. Wagner
[1] We note that counsel for Pamela H. did not file a brief. *Page 1