[Cite as *Parker v. Jones*, 2014-Ohio-3862.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| JASON PARKER, | : | Case No. 14CA3421 |
| Plaintiff-Appellant, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| NICOLE E. JONES, ET AL., (NKA NICOLE FRENCH), | : | |
| | : | **RELEASED: 9/3/2014** |
| Defendants-Appellees. | | |

<u>APPEARANCES</u>:

Aaron M. McHenry, Benson, McHenry & Sesser, L.L.C., Chillicothe, Ohio, for appellant.

Melody L. Steely, Circleville, Ohio, for appellee Nicole E. Jones, nka Nicole E. French.

Harsha, J.

{¶1}   Jason S. Parker appeals from a juvenile court judgment dismissing his claim for nonparent visitation with the minor child of Nicole E. Jones, nka Nichole E. French.[1]   In his sole assignment of error, Parker asserts that the juvenile court erred in determining that it did not have jurisdiction to grant visitation to him under R.C. 2151.23(A)(2).

{¶2}   A juvenile court may exercise jurisdiction only if expressly granted the authority to do so by statute, and R.C. 2151.23(A)(2) grants juvenile courts jurisdiction to determine the custody of a child not a ward of another court of this state.  Juvenile courts have jurisdiction to issue temporary visitation orders in a pending case between a parent and nonparent for custody of a child who is not a ward of the state.  However, Parker stipulated he was not seeking custody and that French is not an unsuitable

---

[1] The record and appellate briefs include different spellings of French's first name:  Nichole and Nicole.

parent. We find nothing in any statute or caselaw confers jurisdiction on a juvenile court to determine visitation for a nonparent once the nonparent stipulates that he is not seeking custody and that the parent is not unsuitable. Therefore, we overrule Parker's sole assignment of error and affirm the judgment of the trial court.

## I. FACTS

{¶3} Parker and French married in December 2006. At the time the parties were married, French was pregnant with her minor child, Brogan Xavier Parker, who was born in July 2007. The parties knew that when they were married Parker might not be the child's father. Throughout the marriage Parker assumed the role of the child's father and the child believed that Parker was his biological parent. The Union County Court of Common Pleas terminated the parties' marriage by dissolution decree in August 2011. A DNA test determined that Parker is not the father of French's child. Evidently, the dissolution decree did not set forth any visitation rights for Parker.

{¶4} French remarried in July 2012, and she subsequently informed her child that Parker was not his biological father. Between the date of the dissolution and July 2012, French permitted Parker to have parenting time with the minor child on alternate weekends with few exceptions.

{¶5} After this visitation stopped Parker filed a complaint in the Ross County Court of Common Pleas, Juvenile Division for custody and visitation rights with the child pursuant to R.C. 2151.23(A)(2) and (F)(1). The parties entered into stipulations, including that "[t]here is no evidence that Nicole E. French is an unsuitable parent and Plaintiff, Jason Scott Parker, is not seeking custody of Brogan Parker" and that "Plaintiff, Jason Scott Parker, is pursuing a claim for companionship/ visitation with Brogan Xavier

Parker." The juvenile court then granted French's motion to dismiss Parker's complaint for lack of jurisdiction.

## II. ASSIGNMENT OF ERROR

**{¶6}** Parker assigns the following assignment of error for our review:

I. THE TRIAL COURT ERRED IN FINDING THAT IT DID NOT HAVE JURISDICTION TO GRANT VISITATION TO APPELLANT UNDER R.C. 2151.23(A)(2).

## III. STANDARD OF REVIEW

**{¶7}** Subject-matter jurisdiction is defined as a court's power to hear and decide cases and may be raised at any time. *Robinette v. Bryant*, 4th Dist. Lawrence No. 12CA20, 2013-Ohio-2889, ¶ 10, citing *Enz v. Lewis,* 4th Dist. Scioto No. 10CA3357, 2011–Ohio–1229, ¶ 10. A motion to dismiss for lack of subject-matter jurisdiction raises a question of law, which we review de novo. *Id.*

## IV. LAW AND ANALYSIS

**{¶8}** In his sole assignment of error, Parker asserts that the trial court erred in finding that it did not have jurisdiction to grant visitation to him under R.C. 2151.23(A)(2) after he stipulated that he did not request custody of the child and that French was not an unsuitable parent.

**{¶9}** "A juvenile court may exercise jurisdiction only if expressly granted the authority to do so by statute." *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313, 978 N.E.2d 146, ¶ 13, citing Article IV, Section 4(B), Ohio Constitution ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law").

{¶10} Parker argues that the juvenile court had jurisdiction over his visitation claim because he originally sought custody of the child under R.C. 2151.23(A)(2). R.C. 2151.23(A)(2) confers exclusive, original jurisdiction on juvenile courts "to determine the custody of any child not a ward of another court of this state." It has been suggested that this provision "typically encompasses all custody disputes between parents and non-parents." *See Scavio v. Ordway*, 3d Dist. Shelby No. 17-09-07, 2010-Ohio-984, ¶ 18, citing *In re James*, 113 Ohio St.3d 420, 2007-Ohio-2335, 866 N.E.2d 467, ¶ 38 (Stratton, J., dissenting) ("R.C. 2151.23(A)(2) authorizes a juvenile court to determine custody issues of any child who is not a ward of another court of the state, which often involve proceedings between a parent and a nonparent").

{¶11} The General Assembly authorizes nonparent visitation with a child in three situations: (1) in a divorce, dissolution, legal separation, annulment, or child support proceeding, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than the parent (R.C. 3109.051(B)(1)); (2) the court may grant the parents and other relatives of the deceased parent reasonable companionship or visitation rights (R.C. 3109.11); and (3) the court may grant grandparents and other relatives reasonable companionship or visitation rights to grandparents and other relatives when the child's mother is unmarried (R.C. 3109.12). *See also In the Matter of McCrady*, 4th Dist. Washington Nos. 99CA52 and 00CA16, 2000 WL 1717557, *2 (Nov. 6, 2000). Parker does not claim that the juvenile court has jurisdiction over his remaining visitation claim based on any of the foregoing statutes. Instead, he contends that as long as his complaint initially requested custody of the child, the trial court retained jurisdiction to

determine his visitation claim. We can find no authority to support his claim on "continuing jurisdiction" in this context.

{¶12} The grant of authority in R.C. 2151.23(A)(2) to determine the custody of a child not a ward of another Ohio court does not provide the juvenile court with jurisdiction to determine a nonparent's claim for visitation. *In re Gibson*, 61 Ohio St.3d 168, 573 N.E.2d 1074 (1991), syllabus. This is because "visitation" and "custody" are related but distinct legal concepts. *Id.* at 171; *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305, ¶ 6. Moreover, we have already concluded that a juvenile court lacked jurisdiction under R.C. 2151.23(A)(2) to award visitation to nonparents. *McCrady*, 4th Dist. Washington Nos. 99CA52 and 00CA16, 2000 WL 171557. In that case, the grandparents had—much like Parker here—originally sought custody of the child.

{¶13} Consistent with this precedent, once Parker relinquished his claim to custody of the child through his stipulations the juvenile court was divested of subject-matter jurisdiction to resolve his visitation claim. To hold otherwise would permit nonparents to confer subject-matter jurisdiction on juvenile courts that the General Assembly has not. No such power exists. *See, e.g., Smiley v. Prison Official, Inc.*, 4th Dist. Ross No. 13CA3408, 2014-Ohio-1100, ¶ 7, quoting *Cheap Escape Co., Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 22 (" 'litigants cannot vest a court with subject-matter jurisdiction by agreement' ").

{¶14} Parker cites the Supreme Court of Ohio's decision in *Rowell* to claim jurisdictional authority for the juvenile court to consider his visitation claim when he, in effect, dismissed his custody claim. In that case, however, the Supreme Court merely

held that "[i]n exercising its jurisdiction under R.C. 2151.23(A)(2), a juvenile court may issue temporary visitation orders that are in the best interest of the minor child during the litigation. Juv.R. 13(B)(1)." This limited holding was premised on the specific facts of a same-sex partner filing a petition for shared custody of a child born to the biological mother during the partnership and the juvenile court's authority to determine visitation for the nonparent same-sex partner while the custody action was pending. *Rowell* does not purport to apply to the circumstances here involving a nonparent's claim to visitation when the claim for custody is no longer pending. Nor does Parker cite any authority that would so extend *Rowell*.

{¶15} Finally, Parker claims that "if this Court were to hold that the juvenile court did not have jurisdiction to award reasonable companionship time to [him] he will be left without a remedy to seek reasonable visitation rights with a child that he raised as his own for six years." This is not necessarily so. Under R.C. 3109.051(B)(1) he could have filed a motion in his dissolution action for the Union County Court of Common Pleas to determine his claim to visitation with the child. In fact, there are limited circumstances in which he could file a postdecree motion in that court to raise this claim. We need not consider the propriety of any postdecree motion in the context of this appeal.

{¶16} Parker's citation to our decision in *Thompson v. Thompson* , 4th Dist. Highland No. 94CA859, 1995 WL 481480 (Aug. 10, 1995) to support his contention that he lacks any remedy is misplaced because that case did not involve a dissolution or an interpretation of a nonparent's motion under R.C. 3109.051 for visitation. And even if *Thompson* were construed in such a manner, Parker's policy argument concerning why

a juvenile court should have jurisdiction over a nonparent's visitation claim is one best resolved by the General Assembly rather than judicial fiat. *See State ex rel. VanCleave v. School Emps. Retirement Sys.*, 120 Ohio St.3d 261, 2008-Ohio-5377, 898 N.E.2d 33, ¶ 27 ("The General Assembly is the final arbiter of public policy"); *Stetter v. R.J. Corman Derailment Servs., L.L.C.,* 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 35, quoting *Groch v. Gen. Motors Corp.,* 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 212 ("[i]t is not the role of the courts 'to establish legislative policies or to second-guess the General Assembly's policy choices.' ").

{¶17} Consequently, once Parker stipulated that he did not seek custody of the child and that French was a suitable parent, the juvenile court lacked jurisdiction to consider his visitation claim. The trial court did not err in granting French's motion and dismissing Parker's complaint.

## V. CONCLUSION

{¶18} We overrule Parker's sole assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
      William H. Harsha, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**