[Cite as *In re A.M.S.*, 2019-Ohio-3181.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| IN RE A.M.S. ET AL. | : | |
| | : | No. 107495 |
| Minor Children | : | |
| | : | |
| [Appeal by R.C.B., Father] | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU17115124, CU 17115125, and CU 17115126

---

#### *Appearances:*

Rosenthal Thurman, L.L.C., and Scott S. Rosenthal, *for appellant.*

John V. Heutsche Co. L.P.A., and John V. Heutsche, *for appellee.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Appellant R.C.B. is the nonbiological father of three minor children: A.M.S., and twins A.W.S. and A.M.S. Appellee B.A.S. is the biological mother. On October 5, 2017, appellant filed a complaint to establish companionship time and/or visitation rights with the children in the Cuyahoga County Court of Common Pleas,

Juvenile Division. Appellee filed a motion to dismiss the complaint for lack of subject matter jurisdiction that was granted by the trial court. Appellant appeals.

## I.   Background and Facts

{¶ 2}   Appellant and appellee married in Cuyahoga County, Ohio, on October 22, 2011, and divorced in Cuyahoga County, Ohio, on May 15, 2018. Appellee's complaint for divorce stated that no children were born as issue of the marriage because the children were conceived through reproductive donor specimens. Appellant answered that appellee was not the biological parent due to the conception method and that he was entitled to visitation because he had established a parent-child relationship with the children over the past ten years.

{¶ 3}   At the time the complaint in this case was filed, the divorce proceedings were still in process. Appellee moved the domestic relations court for a temporary restraining order that prohibited appellant from holding himself out as the parent of the children. Appellee argued that she is the natural mother and guardian of the children through artificial insemination documented by the Ohio issued birth certificates. The court granted the motion and declined jurisdiction over the visitation matter.

{¶ 4}   At the January 12, 2018 juvenile court preliminary hearing, appellee advised that a motion to dismiss for lack of jurisdiction would be forthcoming. An attorney conference was scheduled for April 18, 2018, to discuss the dismissal. The motion was filed, fully briefed, and argued at the attorney conference as noted in the April 23, 2018 magistrate's decision that dismissed the complaint.

{¶ 5} On May 7, 2018, appellant objected to the magistrate's decision. On June 14, 2018, appellant filed supplemental objections. On July 5, 2018, the trial court overruled the objections and adopted the magistrate's decision. Appellant timely appeals.

## II. Assignments of Error

{¶ 6} Appellant poses two assignments of error.

I. The trial court erred and abused its discretion when it determined that the court did not have jurisdiction to hear a verified complaint to establish companionship time filed by father on October 5, 2017.

II. The trial court erred and abused its discretion when it dismissed father's verified complaint to establish companionship time without holding an evidentiary hearing.

## III. Discussion

### A. Subject Matter Jurisdiction

{¶ 7} We begin with the first assigned error. We find that the assigned error lacks merit.

#### 1. Standard of Review

{¶ 8} The issue of subject matter jurisdiction is a question of law that we review de novo. *In re S.K.L.*, 2016-Ohio-2826, 64 N.E.3d 413, ¶ 13 (8th Dist.); *Bank of Am. v. Macho*, 8th Dist. Cuyahoga No. 96124, 2011-Ohio-5495, ¶ 7; and *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936, 746 N.E.2d 222 (10th Dist.2000).

### 2. Analysis

{¶ 9} Appellant began his relationship with appellee in June 2008, one year after the birth of appellee's eldest child. The twins were born in 2009, and the parties married in 2011. Appellant states that he has served in the role of father to the children since their births with appellee's encouragement. Appellant also offers that his extensive history with the children is not a matter of record because there was no evidentiary hearing on the matter in the juvenile court. Appellant filed the complaint in the instant action because appellee refused to waive jurisdiction over the visitation matter in the domestic relations court.

{¶ 10} Appellee argues that the action was properly dismissed because appellant did not attempt to adopt the children during the marriage and appellant concedes that he is not the legal father of the children. Appellee also claims that the domestic relations court had already determined that appellant had no rights to the children.

{¶ 11} Appellee asserts that appellant's reliance on R.C. 3109.051 in a juvenile court complaint is misplaced because the statute only applies to "divorce, dissolution of marriage, legal separation, annulment, or child support proceedings." R.C. 3109.051(B)(1). In fact, appellee claims that there is no statutory authority for the relief that appellant seeks because: (1) R.C. 2151.23(A)(2) did not apply because "these children were wards of another court";[1] (2) R.C. 3109.11 governs visitation if

---

[1] Brief of appellee (Dec. 14, 2018), p. 5. R.C. 2151.23(A)(2) vests the juvenile court with exclusive jurisdiction to determine the custody of a child who is not a ward of another court in Ohio.

the mother is deceased; and (3) R.C. 3109.12 governs parenting time involving an unmarried mother. Appellant replied that appellee's interpretation of R.C. 3109.051(B)(1) is incorrect.

{¶ 12} The magistrate determined:

[C]ustody filings in Juvenile Court can only be brought under R.C. [Chapter] 3109 or R.C. 2151.23. [Chapter] 3109 only refers to parents being able to apply for custody, but there are provisions for companionship being granted to grandparents in situations where there is a divorce, a death of a parent, or if the parents are unmarried. *See* R.C. 3109.11 and R.C. 3109.051.

The Revised Code also allows jurisdiction for the Juvenile Court to determine custody in R.C. 2151.23(A)(2): "The juvenile court has exclusive jurisdiction under the Revised Code * * * to determine the custody of any child not a ward of another court of this state." A Juvenile Court has original jurisdiction to determine the custody of a child under this section, but the Court shall exercise its jurisdiction in child custody matters in accordance with R.C. 3109.04. *See* R.C. 2151.23(F)(1), *In re Bonfield*, 97 Ohio St.3d, 387, 2002-Ohio-6660. However, the Ohio Supreme Court has determined that R.C. 2151.23(A)(2) cannot be used to determine visitation or companionship time for a child. The complaint of a non-parent seeking visitation or companionship time with a child "may not be determined by the juvenile court pursuant to its authority to determine the 'custody' of children under R.C. 2151.23(A)(2)." *In re Gibson*, 61 Ohio St.3d 168, 172; 573 N.E.2d 1074, 1077 (1991).

The Cuyahoga County Common Pleas court, Domestic Relations Division, has declined to take jurisdiction of the [children] in this case. As the Domestic Relations Court has no jurisdiction and no other information has been presented to indicate that there is another Court that has a claim to the child, the child is not a ward of another Court in this state. The original filing in this case was a Complaint to Establish Companionship time, filed on October 5, 2017. Since the appellant is not a parent or relative under R.C. 3109.04, and there is no application to determine custody pending pursuant to R.C. 2151.23(A)(2), this Court does not have jurisdiction to determine companionship or visitation time for the applicant in this case.

Magistrate's decision No. 0911135786 (Apr. 23, 2018), p. 1. Identical decisions were issued for each child.

{¶ 13} The trial court adopted the decision of the magistrate.

> The Court finds that there is no custody application properly filed and pending in the Juvenile Division. The court further finds that the Domestic Relations Division has not certified this matter to the Juvenile Court. The court therefore finds that, lacking either of these two things, there is nothing to confer it with jurisdiction over this matter.

Journal entry No. 09111363379 (July 5, 2019), p. 1. Identical entries were issued for each child.

{¶ 14} "'Subject-matter jurisdiction is fundamental. It defines the court's power to decide cases.'" *S.D. v. K.H.*, 2018-Ohio-1181, 98 N.E.3d 375, ¶ 18 (8th Dist.). "'Subject-matter jurisdiction can never be waived; any decision entered without subject-matter jurisdiction is void.'" *Id.*, citing *Francis David Corp. v. Scrapbook Memories & More*, 8th Dist. Cuyahoga No. 93376, 2010-Ohio-82, ¶ 17, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992.

{¶ 15} The Ohio Constitution, Article IV, Section 4(B), vests the courts of common pleas and their divisions with original jurisdiction "over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." The jurisdiction of a juvenile court is limited to that expressly granted by statute. *Rowell v. Smith*, 133 Ohio St.3d 288, 2012-Ohio-4313, 978 N.E.2d 146, ¶ 13.

{¶ 16} The legislature has granted jurisdiction to the juvenile and domestic relation courts to determine the parent-child relationship:

> "Any person with standing may file a complaint for the determination of any other matter over which the juvenile court is given jurisdiction by the Revised Code." Juv.R. 10. The complaint is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(F). "The term 'jurisdiction' encompasses both subject-matter jurisdiction, i.e., the court's power to adjudicate the merits of a case, and the exercise of that jurisdiction." *Rowell* at ¶ 13.

*In re C.W.*, 9th Dist. Lorain Nos. 16CA011044, 17CA011162, and 17CA011165, 2018-Ohio-5265, ¶ 22.

{¶ 17} R.C. 2301.03 legislates the responsibilities of judges of the divisions of domestic relations, juvenile and probate court on a county-specific basis. This court has noted that, in Cuyahoga County, domestic relations judges "have 'all the powers relating to all divorce, dissolution, alimony, and annulment cases,' such cases may be assigned to another judge of common pleas 'for some special reason.'" *Price v. Price*, 16 Ohio App.3d 93, 95, 474 N.E.2d 662 (8th Dist.1984), quoting R.C. 2301.03(L)(1). However, "such cases may be assigned to another judge of common pleas 'for some special reason.'" *Id.*, quoting R.C. 2301.03(L)(1), citing *Ezzo v. Ezzo*, 95 Ohio App. 126, 117 N.E.2d 711 (10th Dist.1953). "R.C. 2301.03(L)(1) is not a limiting provision, but rather a specific grant of authority." *Pula v. Pula-Branch*, 129 Ohio St.3d 196, 2011-Ohio-2896, 951 N.E.2d 72, ¶ 6.

{¶ 18} R.C. 3105.011, "[d]etermination of all domestic relations matters," provides that the domestic relations courts have full power and jurisdiction to determine all domestic relations matters. R.C. 3105.011. The term "domestic

relations matters" is defined as any matter cited in R.C. 2301.03 and pursuant to the listed chapters under R.C. 3105.011(B)(2) including R.C. [Chapter] 3109.

{¶ 19} Ohio recognizes the rights of nonparents to companionship or visitation of minor children under three statutes. *Doughty v. Doughty*, 5th Dist. Delaware No. 18 CAF 05 0040, 2019-Ohio-974, ¶ 55. R.C. 3109.051(B)(1) addresses visitation or companionship by grandparents or other persons who are related to the child by consanguinity or affinity; R.C. 3109.11 governs visitation of a minor child by parents and relatives of the child's deceased parent, and R.C. 3109.12 applies to visitation of a child by parents or relatives of an unmarried mother. *Id.*; *In re E. H.*, 9th Dist. Lorain No. 04CA008585, 2005-Ohio-1952, ¶ 12; *Parker v. Jones*, 4th Dist. Ross No. 14CA3421, 2014-Ohio-3862, ¶ 11; *Ohio Legislative Report*, 16 Ohio Dom.Rel.J. 60 (May/June 2004).

{¶ 20} Appellant argues that R.C. 3109.051(B)(1) vests the juvenile court with jurisdiction in this case. We consider the express language of the statute in pursuit of our goal to determine and execute the intent of the legislature. *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 20, citing *Brooks v. Ohio State Univ.*, 111 Ohio App.3d 342, 349, 676 N.E.2d 162 (10th Dist.1996). We apply the statute exactly as the statute is written where the meaning is definite and unambiguous. *Id.*, citing *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 52, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996).

{¶ 21} R.C. 3109.051 is titled "[o]rder granting parenting time or companionship or visitation rights." R.C. 3109.051(B) provides:

(1) In a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a parent, if all of the following apply:

(a) The grandparent, relative, or other person files a motion with the court seeking companionship or visitation rights.

(b) The court determines that the grandparent, relative, or other person has an interest in the welfare of the child.

(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child.

R.C. 3109.051(B)(1).

{¶ 22} R.C. 3109.051(B)(2) provides the procedural component:

(2) A motion may be filed under division (B)(1) of this section during the pendency of the divorce, dissolution of marriage, legal separation, annulment, or child support proceeding or, if a motion was not filed at that time or was filed at that time and the circumstances in the case have changed, at any time after a decree or final order is issued in the case.

{¶ 23} R.C. 3109.051(B)(1) "grants a domestic relations court subject matter jurisdiction to make a nonparent visitation order in a divorce case." *Doughty*, 5th Dist. Delaware No. 18 CAF 05 0040, 2019-Ohio-974, at ¶ 61, citing *In re K.M.-B.,* 2015-Ohio-4626, 48 N.E.3d 998 (6th Dist.). *See also* R.C. 2301.03(L) vesting Cuyahoga County domestic relations judges with "all the powers relating to all divorce, dissolution of marriage, legal separation, and annulment cases except where assigned to other judges of the common pleas court for a special reason."

{¶ 24} There are two references to the juvenile court in R.C. 3109.051. R.C. 3109.051(A) addresses the domestic relations court's issuance of a final shared parenting decree in a divorce, dissolution, legal separation, or annulment proceeding. The section states that the provision does not limit the juvenile court's power to "issue orders" under R.C. Chapter 2151 regarding children that are alleged or adjudicated to be "abused, neglected, or dependent." *Id.* R.C. 3109.051(N) specifies that the "juvenile court has exclusive jurisdiction to enter the orders in any case certified to it from another court." *Id.*

{¶ 25} Appellee argues that the trial court properly relied on *In re Gibson,* 61 Ohio St.3d 168, 573 N.E.2d 1074 (1991), to find that jurisdiction is lacking because no custody action was pending and the case had not been certified to the juvenile court by the domestic relations court. *In re Gibson*, appellant Paul Gilbert's ("Gilbert") unmarried daughter birthed a child conceived by an unknown donor. Gilbert, as grandfather, filed a complaint for visitation in the juvenile court under former R.C. 3109.05(B). The court dismissed the complaint for lack of subject matter jurisdiction.

{¶ 26} At the time of the opinion, only two statutes provided for nonparent visitation. R.C. 3109.11 applied where the parent was deceased, and R.C. 3109.05(B) applied in a divorce, dissolution of marriage, alimony, or child support proceeding. Based on those statutes, the court affirmed the trial court's judgment that the court lacked jurisdiction because nonparent visitation rights vested upon "'the occurrence

of a disruptive precipitating event, such as parental death or divorce.'" *Gibson* at 169, citing *In re Whitaker*, 36 Ohio St.3d 213, 215, 522 N.E.2d 563 (1988).

{¶ 27} The court also considered Gilbert's claim that jurisdiction was established by other statutes:

> [Gilbert] first cites R.C. 2151.23(A)(2), which provides that the juvenile court has exclusive original jurisdiction "[t]o determine the custody of any child not a ward of another court of this state." He next relies on R.C. 2151.23(F)(1), which provides that "[t]he juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections * * * 3109.21 to 3109.36 * * * of the Revised Code."

*Id.* at 170.[2]

> Using R.C. 2151.23(F)(1), Gilbert further relies on former R.C. 3109.21(B), which provided, for purposes of the Uniform Child Custody Jurisdiction Act ("UCCJA") in R.C. 3109.21 to 3109.37, that "'custody determination' means a court decision and court orders and instructions providing for the custody of a child, including visitation rights." He uses former R.C. 3109.21(B) in an attempt to show that "custody" includes "visitation" and that the juvenile court may hear a complaint for visitation pursuant to its power to determine "custody" cases.

*Id.*

{¶ 28} The *Gibson* court rejected each of Gilbert's proposals and clarified that "'[v]isitation' and 'custody' are related but distinct legal concepts." *Id.* at ¶ 171. "'Custody' resides in the party or parties who have the right to ultimate legal and physical control of a child. 'Visitation' resides in a noncustodial party and encompasses that party's right to visit the child." *Id.* Therefore, "the complaint of a grandparent seeking only visitation with a grandchild may not be determined by the

---

[2] R.C. 3109.21 to 3109.36 regarding parenting jurisdiction were repealed as of April 11, 2005.

juvenile court pursuant to its authority to determine the 'custody' of children under R.C. 2151.23(A)(2)." *In re Gibson,* 61 Ohio St.3d 168, 573 N.E.2d 1074.

{¶ 29} The court reiterated that:

> The juvenile court possesses only the jurisdiction that the General Assembly has expressly conferred upon it. *See* Section 4(B), Article IV of the Ohio Constitution; *Seventh Urban, Inc. v. University Circle Property Dev.*, 67 Ohio St.2d 19, 22,423 N.E.2d 1070, 1073 (1981). Gilbert has pointed to no statute that gives the juvenile court jurisdiction to determine his complaint for visitation. We cannot go beyond the statutes and find jurisdiction on some other basis. *See In re Fore*, 168 Ohio St. 363, 370, 7 O.O.2d 127, 131, 155 N.E.2d 194, 199 (1958).

*Id.* at 172-173.

{¶ 30} Appellant posits that *Waszkowski v. Lyons,* 11th Dist. Lake No. 2008-L-077, 2009-Ohio-403, supports jurisdiction in the juvenile court. Waszkowski and the mother were in a romantic relationship but never married. *Id.* at 2. The mother initiated a support proceeding in the juvenile court and identified Waszkowski as the father; however, subsequent genetic testing revealed that Waszkowski was not the father.

{¶ 31} Waszkowski filed a motion for visitation or companionship under R.C. 3109.051(B). Four days later, the mother filed an emergency motion to relocate out-of-state and opposed the visitation motion. She was getting married in a few days and argued that granting visitation would not be in the child's best interests. *Id.* at ¶ 5. The juvenile court ruled in favor of the mother.

{¶ 32} As the appellate court observed, the juvenile court obtained jurisdiction as a result of the support proceeding. With jurisdiction established,

Waszkowski had standing to move for visitation under R.C. 3109.051(A) pursuant to the "plain language" of the statute. *Id.* at ¶ 24.

{¶ 33} The plain language of the statute requires filing the nonparent visitation motion in a "divorce, dissolution of marriage, legal separation, annulment, or child support proceeding." R.C. 3109.051(B)(1). Since the juvenile court lacks jurisdiction over domestic relations matters, the remaining avenue for vesting jurisdiction to entertain an action under R.C. 3109.051(B) is a "child support proceeding." *See In re J.H.*, 2d Dist. Miami No. 08-CA-09, 2009-Ohio-156 (the juvenile court had jurisdiction over the grandmother's R.C. 3109.051(B) visitation motion filed in an action initiated by the county child support enforcement agency on behalf of the mother against the natural father under R.C. 2151.23(B)(4)).

{¶ 34} The Eleventh District Court of Appeals also agrees. In *In re L.B.*, 11th Dist. Lake No. 2011-L-117, 2012-Ohio-2356, the former partner of the mother of a child conceived by insemination filed a complaint in the juvenile court seeking legal parent designation under R.C. 3109.04, shared parenting under R.C. 2151.23, or visitation under R.C. 3109.051. The trial court granted summary judgment in favor of the mother.

{¶ 35} Relevant here, the appellate court determined that R.C. 3109.051(B) did not apply because "'the statute does not include a custody proceeding.' In the absence of one of the above-mentioned [statutory list of] events, the juvenile court would not have jurisdiction under R.C. 3109.051 to award visitation to * * * a

nonparent." *Id.* at 724, quoting *Parr v. Winner*, 11th Dist. Ashtabula No. 92-A-1759, 1993 Ohio App. LEXIS 3358 at 4 (June 30, 1993).

{¶ 36} In the instant case, the juvenile court held that it lacked jurisdiction because there was no custody proceeding pending under R.C. 2151.23(A)(2) that conferred jurisdiction, though appellee has stated that the children are wards of another court so that statute would not apply. The plain language of R.C. 3109.051(B) lists domestic relations proceedings and "child support" proceedings. We agree that the trial court lacked jurisdiction, but we do so on the ground that there was no child support proceeding initiated or pending that vested jurisdiction in the juvenile court to entertain the motion.

{¶ 37} The jurisdiction of the juvenile court would apply to a nonparent visitation motion under R.C. 3109.051(B) motion that is filed in a child support proceeding pursuant to R.C. 2151.23. R.C. 3109.051(B) "'does not include a custody proceeding.'" *Id.* at *id.* Subject matter jurisdiction would only be available in a R.C. 2151.23(A)(2) custody case or other matter authorized by R.C. 2151.23 if the case included a child support proceeding.

{¶ 38} In summary, we find that, in Cuyahoga County, R.C. 3109.051(B) authorizes the filing of the motion for nonparent visitation or companionship in a domestic relations action or child support proceeding during or subsequent to such an action pursuant to R.C. 3109.051(B)(1) and (2). We further find that a motion may be filed in the juvenile court where that court has subject matter jurisdiction

due to a child support proceeding.   *Waszkowski*, 11th Dist. Lake No. 2008-L-077, 2009-Ohio-403.

{¶ 39} We also point out that R.C. 3109.051(B)(2)(1) specifies that the visitation is requested by filing a "motion," language that is indicative of a filing in a pending action or pursuant to a court's continuing jurisdiction. The motion may be filed "during the pendency of the divorce, dissolution of marriage, legal separation, annulment, or child support proceeding" pursuant to R.C. 3109.051(B)(2).  "[O]r, if a motion was not filed at that time or was filed at that time and the circumstances in the case have changed, at any time after a decree or final order is issued in the case." R.C. 3109.051(B)(2).

{¶ 40} We are cognizant of appellant's concern that he will be left without a remedy if the judgment is affirmed. "This is not necessarily so. Under R.C. 3109.051(B)(1), [appellant] could have filed a motion in his [domestic relations] action" in the court of common pleas.  *Parker v. Jones*, 4th Dist. Ross No. 14CA3421, 2014-Ohio-3862, ¶ 15.  "In fact, there are limited circumstances in which [appellant may] file a postdecree motion in that court to raise this claim."   *Id.* R.C. 3109.051(B)(2).

{¶ 41} Thus, the juvenile court lacked subject matter jurisdiction because there was no support proceeding initiated or pending in the juvenile court and the case was not certified to the juvenile court by the domestic relations court.

{¶ 42} The first assigned error is overruled.

## B. Evidentiary Hearing

{¶ 43} Appellant's second asserted error is that the trial court failed to conduct an evidentiary hearing. This assigned error is also without merit.

{¶ 44} Appellee's motion to dismiss was filed pursuant to Civ.R. 12(B)(1) involving dismissal for lack of subject matter jurisdiction. It is well within the trial court's discretion to consider material beyond the pleadings if the trial court deems it to be helpful in reaching a decision:

> In determining whether a court lacks subject matter jurisdiction pursuant to Civ.R. 12(B)(1), the trial court must consider whether the plaintiff has alleged any cause of action that the court has authority to decide. *Mickey v. Rokakis*, 8th Dist. Cuyahoga No. 97053, 2012-Ohio-273, ¶ 7. When making this determination, the trial court is not confined to the allegations of the complaint and "*may* consider material pertinent to such inquiry without converting the motion into a motion for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

(Emphasis added.) *Burnell v. Cleveland Mun. School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 103069, 2015-Ohio-5431, ¶ 9.

{¶ 45} The trial court advised the parties at the January 12, 2008 hearing that, upon the filing of the dismissal motion, it would accept full briefing of the matter and entertain arguments at the scheduled attorney conference. The motion was addressed at the April 18, 2018 conference. The trial court was free to determine that it had received sufficient information to determine "'whether any cause of action cognizable by the forum has been raised in the complaint.'" *In re R.M.R.*, 2016-Ohio-303, 59 N.E.3d 540, ¶ 9 (8th Dist.), quoting *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶ 46} We also observe that the evidence that appellant argues he was unable to present goes to the merits of a ruling under R.C. 3109.051(B) to grant or deny the requested visitation, and not to the issue of subject matter jurisdiction. A hearing was not warranted, and the trial court did not err.

{¶ 47} The second assignment of error is overruled.

## IV. Conclusion

{¶ 48} The trial court's judgment is affirmed on other grounds.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
RAYMOND C. HEADEN, J., CONCUR